IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

AL LEBOEUF,                                                                                   PLAINTIFF

V.                                                                                    NO. 4:07CV30-P-D

CHRISTOPHER EPPS, et al.,                                                        DEFENDANTS

## OPINION

Upon further consideration of the 42 U.S.C. §1983 complaint and the files and records in this action, the court finds that Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, has failed to state a claim upon which relief may be granted.

Plaintiff, a prisoner proceeding *pro se*, filed this § 1983 action on February 14, 2007, alleged inadequate medical care. Plaintiff alleges that Defendants denied him proper medical treatment after an accident involving a trailer carrying inmates on September 8, 2006. Immediately following the accident inmates who requested medical treatment were examined by a doctor. Plaintiff complains that this examination was deficient because no vital signs were taken and no x-rays were ordered. Instead, the doctor performed a visual examination, prescribed pain medication and ordered "lay-in" trays for the injured inmates three days. On September 18, 2006, Plaintiff filled out a sick-call request and was seen by a doctor on September 25. An x-ray was ordered and Plaintiff was given a prescription for pain. On November 30, 2006, Plaintiff again requested medical attention and was seen by a doctor on December 1, 2006. The doctor concluded that Plaintiff has full lumbar mobility, but scheduled Plaintiff for a follow-up.

In order to prevail on an Eighth Amendment claim involving medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.*

Deliberate indifference is "an extremely high standard to meet" and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986); *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir.2001). Negligent or even erroneous medical treatment or judgment does not provide the basis for a constitutional claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *Youngberg v. Romeo*, 457 U.S. 307, 322-23, 102 S.Ct. 2452, 734 L.Ed.2d 28 (1982).

Plaintiff has not demonstrated or alleged facts which if true would demonstrate that

2

Defendants were deliberately indifferent or knew of but disregarded a substantial risk of harm to his health. To the contrary, his own pleadings and submissions to the court indicate that he was seen and treated by doctors. Despite the possibility that the treatment is unsatisfactory, there is no indication that the Defendants failed to act or take Plaintiff's claims seriously. Rather, the pleadings indicate that the doctors exercised professional medical judgment. Furthermore, Plaintiff received medical attention on each occasion it was requested. At best, Plaintiff may have stated a claim for negligent medical care which is plainly insufficient to state a cognizable claim under Section 1983. *Domino*, 239 F.3d at 756 ("an incorrect diagnosis does not amount to deliberate indifference."). Thus, Plaintiff's has failed to state a claim based on inadequate medical treatment. Therefore, the complaint shall be dismissed with prejudice in accordance with Federal Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court's dismissal of Plaintiff's complaint for failure to state a claim shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Leboeuf is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment will issue this day in accordance with this opinion.

This the 13th day of April, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE